UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Terrance Gillespie,

      Plaintiff,  Case No. 22-10567

v.          Judith E. Levy
           United States District Judge

Egeler Reception and Guidance
Center,

      Defendant.

_____/

**OPINION AND ORDER ORDERING PLAINTIFF TO SUBMIT ADDITIONAL INFORAMATION IN SUPPORT OF HIS APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS, AND GRANTING PLAINTIFF 30-DAYS' LEAVE TO AMEND HIS COMPLAINT [1]**

  Plaintiff Terrance Gillespie, a state prisoner in the custody of the Michigan Department of Corrections, recently filed a *pro se* civil rights complaint and an application to proceed without prepaying the fees or costs ("IFP application") for his complaint. At the time of his complaint, Plaintiff was incarcerated at Defendant Egeler Reception and Guidance Center (RGC) in Jackson, Michigan.[1]

---

[1] Defendant is currently incarcerated at the Macomb Correctional Facility.

Plaintiff is granted leave to provide the Court with additional information in support of his IFP application and is granted leave to amend his complaint, if he chooses, within 30 days of the date of this Order, as set forth below.

## I. Background

Plaintiff originally filed his case in the United States District Court for the Western District of Michigan. He alleged in his complaint that, even though he is disabled and requires a wheelchair, he was "processed to be admitted and housed" in a unit where there were no assistance bars in the restroom, no emergency pull-cords or devices, no wheelchair-accessible showers, and no shower chairs. (*See* ECF No. 1, PageID.3.) Plaintiff states that he made several attempts to bring these deficiencies to the staff's attention, but in response learned, "this is what we have to deal with," and accordingly, he suffered from "demoralizing and potentially dangerous condition[s]". (*Id.*) He seeks $2,000 in money damages and injunctive relief in the form of "properly equipping [h]andicap [c]ell and ensuring an adequate [n]umber of those [c]ell[s]." (*Id.* at PageID.3–4.)

On March 17, 2022, United States Magistrate Judge Sally J. Berens entered an order transferring Plaintiff's case to this District because the events in question occurred within this District's geographical boundaries. (*See* ECF No. 3.) Upon receipt of the transferred case, the Court ordered Plaintiff to prepay the filing fees and costs for this action or to file an application to proceed without prepaying the fees and costs and a certified statement of his trust fund account in prison. (*See* ECF No. 6.)[2] Plaintiff filed an application to proceed without prepaying the fees or costs but did not include a certified statement regarding his trust fund account. (*See* ECF No. 7.)

**II. The Filing Fee**

28 U.S.C. § 1915(b)(1) requires prisoners bringing a civil action to pay the full amount of the filing fee. If the prisoner files a civil action and seeks to proceed without prepaying the filing fees, then, they must submit, "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give a security

---

[2] Although Plaintiff applied for leave to proceed without prepayment of fees in the Western District of Michigan, *see* ECF No. 2, he did not attach a certified financial statement to his application. Magistrate Judge Berens did not rule on the financial application before transferring Plaintiff's case to this District. (*See* ECF No. 3, PageID.15.)

therefor" and must also "submit a copy of the trust fund statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint. . ." 28 U.S.C. §§ 1915(a)(1)-(2).

The Court is unable to calculate the initial partial filing fee in this case because Plaintiff did not submit a certified account statement with his financial applications. The Court, therefore, orders Plaintiff to file the account statement within 30 days of this Order.[3]

If Plaintiff does not submit an account statement after 30 days from the date of this Order, then, within 30 additional days, the Michigan Department of Corrections is ordered to calculate an initial partial filing fee, withdraw that amount from Plaintiff's trust fund account, and forward that amount to the Clerk of this Court. In subsequent months, the Department of Corrections shall send the Clerk payments consisting of 20% of the preceding month's income credited to Plaintiff's trust fund

---

[3] The Court must assess, and if funds exist, collect an initial partial filing fee consisting of 20% of the greater of (1) the average monthly deposits to Plaintiff's prison account or (2) the average monthly balance in Plaintiff's account for the six months immediately preceding the filing of his complaint. *Id*. After paying the initial partial filing fee, Plaintiff must make monthly payments consisting of 20% of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2).

account, each time the amount in the account exceeds $10, until the filing fee is paid. The Court will notify the Department of Corrections when Plaintiff has paid the entire filing fee of $350.00.

### III. Legal Standard

Having granted Plaintiff permission to proceed without prepaying the fees or costs for this action subject to an additional showing the Court is required to screen Plaintiff's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A complaint is legally frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV. Discussion

Plaintiff raises an important issue – accessibility for the disabled while incarcerated. However, as written, his complaint fails under 42 U.S.C. § 1983 and Plaintiff is granted an opportunity to amend his complaint as set forth below. [4]

42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]'" *Pineda v. Hamilton Cty., Ohio*, 977 F.3d 483, 489 (6th

---

[4] Plaintiff did not specifically cite 42 U.S.C. § 1983 in his form complaint. (*See* ECF No. 1.) Even so, the Court construes the complaint as one brought under § 1983 because the form complaint Plaintiff used is the one provided to prisoners filing complaints under § 1983 in the Western District of Michigan. (https://www.miwd.uscourts.gov/sites/miwd/files/cmpref.pdf). Plaintiff did not set forth enough facts in his form complaint for the Court to analyze whether his complaint could be liberally construed as one brought under a different statute, such as, for example, the Americans with Disabilities Act. *See Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206 (1998).

6

Cir. 2020) (quoting the statute) (brackets in original). A plaintiff must prove two things to prevail in an action under § 1983: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Defendant is a state correctional facility, and not a "person" within the meaning of § 1983, and accordingly is not a proper defendant to a § 1983 action. *See Hix v. Tenn. Dept. of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) ("[A] State is not a person within the meaning of § 1983.")); *and see Rodgers v. Mich. Dept. of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002) (finding that the district court properly dismissed a § 1983 action for, among other reasons, failing to name a "person" acting under color of state law, and instead naming the Michigan Department of Corrections as the defendant).

The Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). However, the Eleventh Amendment does permit claims against state

7

officials for "prospective injunctive relief" in certain circumstances. *Id.* (citing *Will*, 491 U.S. at 70–71); *see Lawson v. Shelby Cty., Tenn.*, 211 F.3d 311, 355 (6th Cir. 2000) (citing *Ex Parte Young*, 209 U.S. (1908) (excepting Eleventh Amendment immunity where a federal court enjoins a state official from violating federal law, but only when a plaintiff seeks an award of prospective nonmonetary relief and not retroactive relief or damages)).

The Court liberally construes Plaintiff's complaint as potentially seeking prospective injunctive relief because he seeks the following relief, in part: "properly equipping [h]andicap [c]ell and ensuring an adequate [n]umber of those [c]ell[s]." (ECF No. 1, PageID.3.) However, Plaintiff's case cannot go forward as written, because Plaintiff sued RGC but did not sue any individual state officials for prospective injunctive relief. Plaintiff is granted 30 days to amend his complaint, should he wish to proceed. If Plaintiff does not amend his complaint, it will be dismissed because he cannot proceed against RGC under § 1983.

Regardless of amendment, Plaintiff's request for $2,000 in money damages is barred due to Eleventh Amendment immunity. The Eleventh

8

Amendment prohibits damage awards under § 1983. *See McKay v. Thompson*, 226 F.3d 752, 757 (6th Cir. 2000).

## V. Conclusion

For the reasons set forth above, Plaintiff is permitted to submit a certified account statement in support of his application to proceed without prepayment within 30 days from the date of entry of this Order. Plaintiff is also granted leave to amend his complaint, as set forth above, no later than 30 days from the entry of this Order. If Plaintiff elects not to do so, the Court will dismiss Plaintiff's complaint and order the filing fee be paid on a periodic basis as set forth above.

IT IS SO ORDERED.

Dated: April 11, 2023　　　　　　s/Judith E. Levy
　　Ann Arbor, Michigan　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 11, 2023.

　　　　　　　　　　　　　　　s/William Barkholz
　　　　　　　　　　　　　　　WILLIAM BARKHOLZ
　　　　　　　　　　　　　　　Case Manager

9